In the Matter of STANLEY ISRAEL, an Attorney, Respondent. JOINT BAR ASSOCIATION GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, March 26, 1979

2

## APPEARANCES OF COUNSEL

*Nicholas C. Cooper (Gary L. Casella* of counsel), for petitioner.

*Kronen & Bernstein (Carl D. Bernstein* of counsel), for respondent.

## OPINION OF THE COURT

*Per Curiam.*

The respondent was admitted to practice by this court on October 19, 1960 under the name of Stanley Martin Israel. In this proceeding to discipline him for professional misconduct, the respondent was charged with being guilty of illegal, corrupt and unethical practices and of professional misconduct and conduct prejudicial to the administration of justice, in that he was convicted, on his plea of guilty, of conspiracy in the third degree, a class A misdemeanor (two counts) and obstructing governmental administration (one count), a class A misdemeanor. On March 15, 1974, the respondent was sentenced to an unconditional discharge on each of the three counts. The Referee, *inter alia,* made the following findings: (1) that the proof established, and the respondent specifically admitted, that, as administrative hearing officer in charge of the Brooklyn office of the parking violations bureau, the respondent had received parking violations summonses, "dismissed some, reduced the fines on others and caused them to be entered on the records of the parking violations bureau of the City of New York as though the recipients thereof had appeared"; (2) that the respondent had perjured himself either in his sworn statements exculpating another person, "or in his sworn statements and testimony before the Grand Jury on the trial of the criminal indictment against" the other person and in the hearings before the Referee against both the respon-

dent and the other person; and (3) that the respondent alone devised the scheme to improperly process parking violations summonses by creating a false record that a hearing had been held.

After reviewing all of the evidence, we agree with the report to the extent that the respondent is guilty of illegal, corrupt and unethical practices and of professional misconduct and conduct prejudicial to the administration of justice based upon the acts which led to his conviction of the aforesaid misdemeanors. The petitioner's motion to confirm the report should be granted to the extent indicated herein and the respondent's cross motion to confirm in part and disaffirm in part should be denied to the extent indicated herein.

In determining an appropriate measure of discipline we are mindful of the respondent's perjury and he should be and he hereby is, suspended from the practice of law for a period of two years commencing April 30, 1979, and until the further order of this court.

HOPKINS, J. P., O'CONNOR, LAZER, GULOTTA and SHAPIRO, JJ., concur.